## DAVIS *v.* WALKER.

A demand of dower, under section 2 of chapter 205 of the Revised Statutes, is sufficient, if it apprise the tenant with reasonable certainty of the claim that is made upon him.

The statute does not require that such a demand contain a statement of the legal measure of the dower; and the demand is not vitiated by the fact that such measure is incorrectly stated in it.

Where a widow is entitled to be endowed of so much of a tract of land as will produce a yearly income equal to one third the yearly income of the tract at the time when her husband parted with his title to it, her demand of dower, if otherwise sufficient, is not vitiated by the fact that

Davis *v.* Walker.

it requests the tenant to set out to her so much of the tract as will produce a yearly income equal to one third the yearly income of the tract at the time of the decease of her husband, as her dower in the same.

WRIT OF DOWER, dated July 6, 1858. On the 22d day of May, 1858, the plaintiff, Roxana Davis, served upon the defendant, William Walker, a notice or demand, in writing, requiring the defendant to set off to her so much of a certain tract of land (describing it) "as will produce a yearly income of said premises, equal to one third of the yearly income of said premises, at the time of the decease of the said Moses Davis, as my dower in the same, to which said dower I am entitled by virtue of the seizin of said Moses Davis, during his life time, in and to said premises, during my coverture with said Davis."

For the purposes of the decision of the questions arising on this agreed case, and for no other, the parties agree that Moses Davis was seized and possessed of the premises during the coverture, and sold them on the 2d day of February, 1815, and that the plaintiff never released her right of dower to the same. Said Moses Davis died on the ninth day of February, 1851, leaving the plaintiff as his widow.

If, in the opinion of the court, this action can not be maintained, on account of the insufficiency of said notice, the plaintiff is to become nonsuit; but if otherwise, then this case is to be discharged, and the action stand for trial.

*Eastman,* and *Moore,* for the demandant.

*Morrison & Stanley,* for the tenant.

BARTLETT, J. It has been assumed, in the argument, that the plaintiff demanded more than she is entitled to recover; but this does not appear from the case. She is entitled to be endowed of so much of the premises as will produce a yearly income equal to one third their yearly income, at the time of the conveyance by her hus-

band. Rev. Stat., ch. 165, sec. 5. There is nothing to show whether the annual income then was greater or less, or other than it was in 1851, when the husband died. If it was greater, the mere fact that the plaintiff demanded more than she is entitled to recover of the defendant, does not vitiate the demand. *Fulton* v. *Fulton*, 19 N. H. 169. *Hamblin* v. *The Bank*, 1 App. 69. The case of *Barnstead* v. *Strafford*, 8 N. H. 144, cited by the defendant, is not in point, for it was expressly required by statute that the notice in question there should state the sums expended for the relief of the paupers. Here the demand forms no part of the plaintiff's title; her right to dower was perfect upon the death of her husband. The demand is not made to complete a title already perfect, but to notify the tenant of the claim made upon him, and to give him an opportunity to investigate it, and assign dower without suit, if he chooses. It is sufficient, if it apprise the tenant with reasonable certainty of the claim that is made. *Fulton* v. *Fulton*; *Haynes* v. *Powers*, 22 N. H. 590. Upon the demand, it becomes the tenant's duty, within one month, to set off dower to the demandant, if she is entitled to it; if he fails to do this he is liable in damages. Rev. Stat., ch. 205; Laws of 1830, 538; Laws of 1815, 187. The statute does not require that the widow's demand should state what her dower is, but only that it should notify the tenant, in writing, of her claim of dower in the premises, and the burden is then upon him to assign her dower to her satisfaction.

The demand, in this case, sufficiently designates the premises, and informs the tenant with reasonable certainty of the decease of the plaintiff's husband, of his seizin of the premises during the coverture, and that she claims of the tenant her dower. Is this demand made void by the fact that she added an incorrect statement of the legal measure of her dower? We think not. Upon a written demand, giving the defendant notice, with reasonable

certainty, that she, as widow of Moses Davis, deceased, claimed her dower in these premises of which he was seized during coverture, it became the defendant's duty to investigate her claim, and ascertain and assign her dower. *Fulton* v. *Fulton.* It was quite as much within his power as within hers to know the law applicable; *Glidden* v. *Towle,* 31 N. H. 170; beside, as the statute has made it his duty to make the assignment after a demand, which is not required to define the legal extent of her dower, the burden of ascertaining it seems thrown directly on him, and not on the plaintiff. As the demand states with reasonable certainty all that the statute requires, the addition of this statement that is not required does not vitiate it. *Stevens* v. *Reed,* 37 N. H. 54. According to the agreement of the parties, this case is to be discharged, and the action is to stand for trial.